IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| DEJANA MAGAZIN,<br><br>Plaintiff,<br><br>v.<br><br>CYPRUS CREDIT UNION, INC.,<br><br>Defendant. | MEMORANDUM DECISION<br><br>Case No. 2:15-cv-00234-DBP<br><br>Magistrate Judge Dustin B. Pead |
|---|---|

## I.  INTRODUCTION

The parties consented to this Court's jurisdiction under 28 U.S.C. § 636(c). (ECF No. 11.) Plaintiff is Dejana Magazin ("Plaintiff"). Defendant is Cyprus Credit Union, Inc. ("Defendant"). Plaintiff's Complaint alleges that Defendant violated the Equal Credit Opportunity Act ("ECOA") by not providing a statement of reasons or a notification of adverse action as required by the ECOA ("ECOA notice"). (ECF No. 2 (citing 15 U.S.C. § 1691(d)(2)).) Defendant filed a Motion for Summary Judgment, which is now fully briefed. (*See* ECF Nos. 15, 16, 18.) The parties did not request, and the court did not hear, oral argument. For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's motion. (ECF No. 15.)

## II.  DEFENDANT'S SUMMARY JUDGMENT MOTION

### a.  Legal Standard

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact . . . is genuinely disputed must support the assertion by" citing to materials such as documents, interrogatory answers, depositions, and affidavits. *Id.* 56(c)(1)(A). "Rule 56(c) mandates the entry of summary judgment, after adequate time for

discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Also, the court must view the evidence in the light most favorable to the non-moving party. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

### b. Undisputed facts

Plaintiff submitted an application for credit to Defendant on August 21, 2014. (ECF No. 15.) After reviewing Plaintiff's credit report, Defendant denied Plaintiff's application. (*Id.*) When an application is denied, Defendant's application processing system requires a loan officer to enter that credit decision into the computer, which automatically generates a screen that requires the loan officer to enter data for an ECOA notice. (*Id.*) This screen cannot be closed until the data is entered. (*Id.*) Defendant's system indicates that Plaintiff's request for a loan was denied for prior delinquency with other creditors and a low credit score. (*Id.*) Plaintiff's address was entered in the system. (*Id.*) On a daily basis, Defendant's computer system automatically generates a file containing information for ECOA notices. (*Id.*) Each day, the automatically-generated file is then sent to a third-party mailing company who is responsible for mailing ECOA notices based on the information in the file. (*Id.*) According to two reports generated by the mailing company, an ECOA notice was mailed to Plaintiff at the address she listed on her application for credit (which is the same listed on her Revised Initial Rule 26 Disclosure Statement). (*Id.*) These reports and Defendant's affidavits indicate the ECOA notice was mailed on August 22, 2014. Despite Defendant's efforts, Plaintiff did not receive the ECOA notice telling her the reason Defendant denied her loan. (ECF No. 17.)

1.  *Plaintiff has not shown any dispute of a material fact*

While Plaintiff claims she "challenge[s] those statements of fact that allege [Defendant's] procedures were actually appropriately followed" including that an ECOA notice was sent; Plaintiff has not properly challenged those facts. *See* Fed. R. Civ. P. 56(c) & (e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986) ("the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment. This is true even where the evidence is likely to be within the possession of the defendant, as long as the plaintiff has had a full opportunity to conduct discovery."); *see also Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 678 (10th Cir. 1998) ("Genuine issues of fact must be supported by more than a mere scintilla of evidence."). Defendant provides testimonial and documentary evidence indicating that Defendant mailed the ECOA notice. (ECF No. 15 at 3–5, & Ex. 1–4; Obray Aff.[1]; Coon Aff.) Plaintiff does not offer contrary evidence. Instead, she merely asserts that she "challenges the accuracy of [paragraphs] 22, 24, 25, 26, and 27" of Defendant's statement of facts. (ECF No. 16 at 2.) Plaintiff provides only her own affidavit in which she states she did not receive the ECOA notice. (ECF No. 17.) To the extent Plaintiff believes this evidence contradicts Defendant's evidence that it mailed the notice at issue to Plaintiff, she is mistaken.

Plaintiff attempts to dispute these facts with her affidavit stating she did not receive the ECOA notice. Yet, Plaintiff offers no authority to suggest that the evidence of lack of receipt calls into doubt the evidence of mailing. Even in the Third Circuit case Plaintiff cites, the court found only that testimony regarding non-receipt created an issue of fact regarding <u>receipt</u> of that document. *See Lupyan v. Corinthian Colleges, Inc.*, 761 F.3d 314, 319–20 (3d Cir. 2014). The

---

[1] LaRee Obray's Affidavit and Rose Coon's Affidavit appear has exhibits 1 and 2 on the court's docket, yet Defendant has designated other exhibits submitted as part of its motion for summary judgment as exhibit numbers 1 and 2. To avoid confusion, the court cites to the affidavits by document name rather than by location on the docket.

*Lupyan* court did not suggest that this issue of fact regarding receipt somehow created an issue of fact about whether the notice was mailed. Likewise, this court concludes that Plaintiff's lack of ECOA notice receipt does not create a factual dispute concerning Defendant sending that notice. Thus, the undisputed facts demonstrate that Defendant mailed the ECOA notice.[2]

Next, Plaintiff suggests that "[i]t is practically impossible for Plaintiff to challenge Defendant's evidence" because she does not have a witness available to dispute Defendant's claimed actions. (ECF No. 16 at 2.) This statement is somewhat puzzling. As Defendant points out, Plaintiff deposed four of Defendant's corporate-designee witnesses, including the affiants supporting Defendant's summary judgment motion. (ECF Nos. 15, 18.) Plaintiff identifies no further witness she wished to depose. Likewise, Plaintiff does not identify any testimony she was improperly deprived of during these four depositions. Plaintiff appears dissatisfied with the substance of the witnesses' testimony, rather than witnesses' availability. Based on the foregoing, Plaintiff has not demonstrated any dispute of a material fact.

### c. Parties' arguments

#### 1. *Defendant's arguments*

Defendant argues that it complied with the ECOA by providing a statement of reasons in writing as a matter of course as described in 15 U.S.C. 1691(d)(2). (ECF No. 15.) Defendant contends that it mailed a statement of reasons to Plaintiff, as evidenced by certain records, testimony, and Defendant's ordinary procedures. Next, Defendant argues that it is entitled to an award of attorney fees pursuant to 28 U.S.C. § 1927 because Plaintiff's counsel has unreasonably and vexatiously multiplied the proceedings here.

---

[2] The court will not delve further into the operation of the presumption of mailing in the Tenth Circuit because Plaintiff's receipt is not material to this dispute as discussed below. *See infra* Part II.c.1.

*2. Plaintiff's arguments*

Plaintiff argues that "15 USC 1691(d)(2) required that Defendant give at least one type of written notice to Plaintiff in the event of an 'adverse action' . . . ." (ECF No 16 at 2.) Although Plaintiff argues that Defendant was required to give notice, she appears to imply that the dispositive issue is whether she actually received the ECOA notice. The remainder of Plaintiff's opposition addresses the presumption that mailed items are received, which the court discussed previously. *See supra* Part II.a.1.

**d. Analysis**

*1. Defendant is entitled to summary judgment on Plaintiff's ECOA claim*

The undisputed facts show Defendant complied with its responsibility to provide statements of reasons as required by the ECOA. Under the ECOA, an "applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor." 15 U.S.C. § 1691(d)(2). One way that a creditor can ensure compliance with this provision is by providing "statements of reasons in writing as a matter of course to applicants against whom adverse action is taken." *Id.* § 1691(d)(2)(A). Defendant complied with this requirement as evidenced by their protocol for providing ECOA notices by mail.

As stated above, Defendant's automated system requires users to input ECOA notification information at the time a credit decision is made, including the reason for any adverse action. *Supra* Part II.b. The automated system then forwards this information to a mailing company, which sends notifications of adverse action on Defendant's behalf. *Id.* This mailing takes place daily based on the information entered on Defendant's systems. *Id.* Plaintiff does not offer evidence to contradict Defendant's facts regarding its ordinary practices. Likewise, Plaintiff does not show that Defendant's practice is other than as Defendant stated. Accordingly, Defendant is

entitled to judgment as a matter of law that it has not violated subsection 1691(d)(2) because Defendant provides statements of reasons to applicants as a matter of course.[3]

Additionally, the undisputed facts indicate Defendant followed its regular procedures here. *Supra* Part II.b. The undisputed facts demonstrate that Defendant sent an ECOA notice to Plaintiff, but for reasons unknown, Plaintiff did not receive the ECOA notice. Plaintiff attempts to argue that because she filed an affidavit stating she never received the ECOA notice, she has created an issue of fact regarding whether Defendant sent that notice. The court disagrees for the reasons previously stated. *Supra* Part II.b.1. To the extent Plaintiff implies that Defendant is required to show that Plaintiff received this notice, the court does not agree.

### A. The ECOA does not require Defendant to prove that Plaintiff received the statement of reasons

Plaintiff's suggestion that Defendant must prove that Plaintiff received an ECOA notice is contrary to the language of the statute. Subsection 1691(d)(2) states only that an applicant is "entitled to a statement of reasons for such action from the creditor." 15 U.S.C. § 1691(d)(2). Subsection 1691(d)(2) does not impose any explicit requirement that that a creditor must send, or an applicant must receive, an ECOA notice. Instead, the provision establishes a right for applicants; they are entitled to a statement of reasons. The statute then identifies two potential options for creditors to ensure compliance with applicants' statutory entitlement to a statement of reasons. As mentioned above, Defendant complied with the first option, subsection 1691(d)(2)(A), by providing statements of reasons as a matter of course. *See supra* Part II.c.1. The court finds that the statute does not require Defendant to prove that each applicant received a statement of reasons, so long as Defendant provides them as a matter of course.

---

[3] The parties have not addressed whether a creditor must supply a replacement statement of reasons to an applicant who indicates she did not receive one. Plaintiff has not alleged that she requested, or that Defendant refused to provide, a replacement statement of reasons, so the court will not analyze this issue.

This interpretation of the statute is consistent with the persuasive authority the parties cite. In *Davis v. U.S. Bancorp*, the Eighth Circuit considered whether a bank defendant complied with its duty to "notify" an applicant under 15 U.S.C. § 1691(d)(1). 383 F.3d 761 (8th Cir. 2004). The *Davis* court found the defendant complied with this duty where it mailed an ECOA notice to the plaintiff. *See id.* at 764–66. The *Davis* court made this finding even though the plaintiff did not receive the notice because it was mailed to the plaintiff's former address. *See id.* at 765. Thus, the *Davis* court found the act of mailing notice sufficient, regardless of whether the applicant received that notice. Based on the foregoing, Defendant is not required to prove Plaintiff received the statement of reasons here.

Finally, Plaintiff's opposition could also be read to suggest that Defendant was required to provide written notice under subsection 1691(d)(2)(B). To the extent Plaintiff suggest this, the court disagrees. Defendant's compliance or noncompliance with subsection 1691(d)(2)(B) is not relevant here. Subsections 1691(d)(2)(A) and 1691(d)(2)(B) are clearly alternative manners by which a creditor can ensure its compliance with the applicants' statutory entitlement to a statement of reasons. The two sections cannot be read as cumulative requirements because they are separated by the word "or." *Id.* § 1691(d)(2). Thus, Defendant is entitled to summary judgment even in the absence of proof that Plaintiff received an ECOA notice.

### 2. *Plaintiff's counsel did not unreasonably multiply the proceedings*

Defendant suggests that Plaintiff's counsel unreasonably multiplied the proceedings and should be required to pay attorney fees pursuant to 28 U.S.C. § 1927. That statute provides:

> Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C.A. § 1927 (West).

The court concludes that counsel did not unreasonably multiply these proceedings. Defendant claims that Plaintiff's counsel should have known this matter was frivolous from its inception. Despite this claim, Defendant did not file a motion to dismiss. Moreover, the evidence that supports summary judgment was in Defendant's possession. The court cannot conclude that Plaintiff should have been aware of Defendant's internal procedures or compliance with those procedures. Likewise, the court finds that errors related to initial disclosures appear to be simple inadvertence. And it appears key mistakes were corrected when brought to counsel's attention.

Finally, while the court interprets the statute in a manner favorable to Defendant, the court does not find Plaintiff's contrary position unreasonably or vexatiously multiplied these proceedings. Plaintiff appears to construe the statutory entitlement to a statement of reasons as requiring proof of receipt. The court interprets the statutory language differently. Nonetheless, the court does not conclude that no reasonable person could read the statute as Plaintiff does. Moreover, Defendant does not cite any Tenth Circuit case interpreting this statutory provision. The court is likewise unaware of any such authority. Thus, the court does not find that Plaintiff unreasonably or vexatiously multiplied these proceedings.

### III. ORDER

For the reasons set forth above, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's summary judgment motion. (ECF No. 15.) Defendant is entitled to summary judgment on Plaintiff's single claim, but Defendant is not entitled to attorney fees.

The clerk of court is directed to close this case.

Dated this 17th day of May, 2016.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge